1  NEDA N. DAL CIELO, Bar No. 161982
   ndalcielo@littler.com
2  COOPER J. SPINELLI, Bar No. 299299
   cspinelli@littler.com
3  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 7th Floor
4  San Jose, California  95113.2303
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686

6  Attorneys for Defendant
   U.S. RESIDENTIAL GROUP LLC

7

8                       UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  LATISHA DAVIS,                          Case No.  TBD

12              Plaintiff,                   **NOTICE TO FEDERAL COURT OF
                                            REMOVAL OF CIVIL ACTION FROM
13         v.                                STATE COURT PURSUANT TO  28 U.S.C.
                                            SECTIONS 1332(a), 1441, AND 1446
14  U.S. RESIDENTIAL GROUP LLC and          [DIVERSITY]**
    DOES 1-100, inclusive,
15                                           (Sacramento Superior Court Case No. 34-2019-
                Defendant.                   00250866)
16                                           Complaint Filed: February 20, 2019

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT

CASE NO.

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF LATISHA DAVIS, AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, for the reasons and on the grounds stated below, Defendant U.S. RESIDENTIAL GROUP LLC hereby removes to the United States District Court for the Eastern District of California the above-captioned action brought by Plaintiff Latisha Davis in the Superior Court of the State of California, County of Sacramento, Case No. 34-2019-00250866:

## I.   STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1) ("Section 1332"). It is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2.      Venue lies in the Eastern District of California under 28 U.S.C. Sections 84(b), 1441(a), and 1446(a).  Under 28 U.S.C. Section 1446(a), the appropriate assignment of this action is to the Sacramento Division of this Court.

## III.   STATUS OF PLEADINGS, PROCESS, AND ORDERS

3.       On February 20, 2019, Plaintiff Latisha Davis filed a complaint in the Superior Court of California, County of Sacramento entitled *Latisha Davis v. U.S. Residential Group LLC and DOES 1-100*, Case No. 34-2019-00250866 (the "State Court Action").  Attached as **Exhibit A** to the Notice of Removal of Action is a true and correct copy of this Complaint.

4.      On March 13, 2019, Plaintiff served Defendant with the Complaint, along with the Proof of Service and Summons. A true and correct copy of the Summons is attached hereto as **Exhibit B**.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT

2.

CASE NO.

5.     On April 11, 2019, Defendant filed its general denial and affirmative defenses to Plaintiff's Complaint in Sacramento Superior Court.  A true and correct copy of Defendant's General Denial and Affirmative Defenses to the Complaint is attached hereto as **Exhibit C**.

6.     The Complaint also names as defendants "DOES 1-100."  Defendant is informed and believes and on that basis alleges that none of the fictitiously named Defendants have been served with a Summons and a copy of the Complaint.  The fictitiously named Defendants are therefore not parties to the above-captioned action and need not join or consent to Defendant's notice of removal. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (holding named defendants not yet served in state court action need not join the notice of removal).

## IV.   TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed.  Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty days after service of process.  28 U.S.C. § 1446(b). Defendant was not served with a copy of Plaintiff's Summons and Complaint until March 13, 2019. Thus, this Notice of Removal is filed within 30 days of service of process and is therefore timely.

## V.   REMOVAL JURISDICTION

8.     This Court has original jurisdiction of the State Court Action based on diversity of citizenship under 28 U.S.C. § 1332(a).  And under 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

9.     A defendant seeking to remove a case to federal court need file only "a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). Such a statement need not contain any evidentiary submissions. *Id.* Indeed, "[n]othing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations." *Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011). "Rather, mere allegations suffice: '[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT

3.

CASE NO.

costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.'" *Id.* (citing and quoting *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir.2008)).

**A.    Plaintiff seeks damages in excess of $75,000.**

10.    When a defendant removes a matter to federal court, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Owens v. Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 553 (2014).

11.    In her Complaint, Plaintiff seeks to recover back-pay, among other alleged damages. *See* Ex. A, Compl. at Prayer, ¶ A. Plaintiff's employment ended in or around March 2017.  At the time her employment ended, she was making around $18.50 an hour or around $38,500 a year in total compensation. Assuming two years of back-pay, from the time her employment ended to just the date of this removal, Plaintiff's claimed back-pay would alone exceed the statutory minimum for the amount in controversy.

12.    In addition to seeking back-pay, Plaintiff is seeking emotional-distress and punitive damages. *See* Ex. A, Compl. at Prayer, ¶¶ B, C. In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim," where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was employed by the defendant for only four months, "emotional distress damages in a successful employment discrimination case may be substantial"). Using the *Kroske* "formula" as a baseline, the emotional-distress component of Plaintiff's claims could add at least another $25,000 to the amount in controversy, if not more.

13.    The Court must also take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA,*

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT
4.
CASE NO.

*Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.,* 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases often have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Although Defendant strongly denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

14.     The amount in controversy therefore exceeds the statutory minimum.

**B.     Plaintiff and Defendant are citizens of different states.**

15.     <u>Plaintiff is a Citizen of California</u>: To establish citizenship for diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of a particular state. Although a residence is not always a domicile, a person's residence is generally considered prima facie evidence of her domicile. *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("the place where a person lives is taken to be his domicile until facts adduced establish the contrary; *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) (acknowledging that "numerous courts treat a person's residence as prima facie evidence of the person's domicile"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

16.     In her Complaint, Plaintiff admits she "is an individual that lived and worked in California throughout the events detailed in this complaint." *See* Ex. A, Compl., ¶ 1. Plaintiff is therefore a citizen of the State of California.

17.     <u>Defendant is not a Citizen of California.</u> For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has held that the "nerve center" test determines a corporation's "principal place of business." *See Hertz Corp. v.*

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150
NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT
5.
CASE NO.

1   *Friend*, 559 U.S. 77, 93 (2010). The Court reasoned that a corporation's "nerve center" is normally

2   located where the corporation maintains its corporate headquarters and where the "corporation's

3   officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's

4   "principal place of business" can be found where the corporation's "brain" is located. *Id.* Lower

5   courts have specifically outlined the factors considered for determining a corporation's "nerve center."

6   Those factors include: where the company's home offices are located; where the directors and

7   stockholders meet; where the corporate officers and executives reside; where policy decisions are

8   made; and where the administrative and financial offices are located and the records kept. *See, e.g.*,

9   *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire &*

10  *Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

11       18.     At the time this action was commenced in state court, Defendant was, and still is, a

12  corporation organized under the laws of the State of Texas, with its principal places of business in

13  Dallas, Texas, where its main corporate offices and headquarters, which house the Company's primary

14  executive, administrative, and operational functions, are located. Defendant also has corporate offices

15  in Philadelphia, Pennsylvania.   In addition, the Company makes and implements company-wide

16  operating, financial, investment, employee relations, marketing, accounting, income tax, treasury,

17  investor relations, and other policy decisions primarily at its headquarters in Texas and its additional

18  corporate offices in Philadelphia, Pennsylvania.

19  **VI.     NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

20       19.     Promptly upon the filing of this Notice of Removal in the United States District Court

21  for the Eastern District of California, written notice of such filing will be given by the undersigned to

22  Plaintiff's counsel of record, Fletcher B. Brown, Fletcher B. Brown Law Firm, 2831 Telegraph Ave.,

23  Oakland, CA 94609.  A copy of the Notice of Removal will also be filed with the Clerk of the Court

24  for the Superior Court of California, Sacramento County.

25  / / /

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113 2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT                          6.                          CASE NO.

## VII.    CONCLUSION

20.    As demonstrated above, this Court has original jurisdiction over this action under 28 U.S.C. §§1332 and 1441(a) (diversity jurisdiction).

Dated:        April 12, 2019

/s/ Neda N. Dal Cielo
NEDA N. DAL CIELO
COOPER J. SPINELLI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
U.S. RESIDENTIAL GROUP LLC

FIRMWIDE:163234545.1 085320.1039

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM STATE
COURT

7.

CASE NO.