# EXHIBIT A

Fletcher B. Brown, Esq. (State Bar No. 276390)
Fletcher B. Brown Law Firm
2831 Telegraph Ave.
Oakland, CA 94609
510-986-0441

Attorneys for Plaintiff
LaTisha Davis

FILED
Superior Court Of California,
Sacramento
02/20/2019
amocanu
By_____, Deputy
Case Number:
34-2019-00250866

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

UNLIMITED JURISDICTION

| | |
|---|---|
| LATISHA DAVIS,<br><br>   Plaintiff,<br><br>vs.<br><br>U.S. RESIDENTIAL GROUP LLC and DOES 1-100, inclusive,<br><br>   Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. TERMINATION BECAUSE OF PHYSICAL DISABILITY<br>2. RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION<br>3. FAILURE TO PROVIDE REASONABLE ACCOMMODATION<br>4. FAILURE TO TIMELY ENGAGE IN INTERACTIVE PROCESS IN GOOD FAITH<br><br>[JURY TRIAL DEMANDED] |

Complaint for Damages 1

1  LaTisha Davis (hereinafter "Plaintiff") was an employee of U.S. Residential Group LLC
2  (hereinafter "Defendant") and was terminated by Defendant. Specifically, Plaintiff has the
3  following causes of action against Defendant: 1.) Termination Because of Physical Disability, 2.)
4  Retaliation for Requesting Reasonable Accommodation 3.) Failure to Provide Reasonable
5  Accommodation and 4.) Failure to Timely Engage in Interactive Process in Good Faith. Plaintiff
6  hereby demands a Jury Trial, complains, and alleges the following:

Plaintiff hereby demands a Jury Trial, complains, and alleges as follows:

## PARTIES

1. Plaintiff is an individual that lived and worked in California throughout the events detailed in this complaint.
2. U.S. Residential Group LLC (hereinafter "Defendant") is located at 4344 Norwood Avenue in Sacramento, CA 95838 with national headquarters at 5001 Spring Valley Road #1000E in Dallas, TX 75244.
3. The true names and capacities of defendants named as DOES 1 through 100 are unknown and are therefore sued by fictitious names. Additionally, any unknown surnames will also be referred to as Doe. Plaintiff will amend this complaint to show the true names and capacities when they are ascertained.

## GENERAL FACTS

5. Plaintiff was hired by Defendant as *Community Manager*.
6. Plaintiff's direct manager was Jennifer Hamlett, District Manager for Defendant (hereinafter "Ms. Hamlett").
7. Plaintiff maintained satisfactory performance throughout the years of her employment.
8. On November 21st, 2016, Plaintiff sustained an industrial injury to her lumbar spine, bilateral lower extremities and bilateral upper extremities which developed into a physical disability as defined by the California Fair Employment and Housing Act,

Complaint for Damages 2

Government Code Section 12940(a). Plaintiff had difficulty walking, lifting, pulling, pushing and bending.

9. Throughout her disability, Plaintiff notified and updated Ms. Hamlett and Dan Lisenby, Regional Manager for Defendant (hereinafter "Mr. Lisenby"), with her condition and work restrictions.

10. On information and belief, Plaintiff's correspondence and requests that were directed to Ms. Hamlett were ignored. Plaintiff believes this was an act of retaliation for her disability and requesting reasonable accommodation.

11. On March 17th, 2017, Plaintiff was terminated by Defendant without good cause, knowing it lacked good cause and for stated reason that was pre-textual. The real reason for Plaintiff's termination was because of her disability discrimination and retaliation for requesting reasonable accommodation.

12. Plaintiff received the Right to Sue Letter from the Department of Fair Housing and Employment on February 20th, 2018.

## FIRST CAUSE OF ACTION

## TERMINATION BECAUSE OF PHYSICAL DISABILITY

As a first, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 100, and each of them, and for a cause of action alleges:

13. Plaintiff hereby incorporates by reference the factual allegations contained in Paragraphs 4 through 12 of this pleading.

14. Plaintiff was terminated from employment for reasons that violate public policy. It is a violation of public policy to terminate someone from employment because of a disability as defined by the California Fair Employment and Housing Act Government Code Section 12940(a).

15. California has a public policy of not discriminating against disabled persons and this

policy is codified within the Fair Employment and Housing Act.

16. Plaintiff was employed by Defendant and at all times performed her job in a satisfactory manner.

17. Plaintiff was disabled as defined in the California Fair Housing and Employment Act.

18. Defendant terminated Plaintiff on March 17th, 2017 for pre-textual reasons.

19. Plaintiff's disability was a substantial motivating reason for Plaintiff's discharge.

20. Plaintiff's discharge caused substantial harm.

21. Plaintiff is physically disabled as defined by California Fair Employment and Housing Act and is therefore a person protected by the provisions of said act.

22. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

23. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## SECOND CAUSE OF ACTION

**RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION**

As a second, separate and distinct cause of action, Plaintiff complains against Defendants and

Does 1 through 100, and each of them, and for a cause of action alleges:

24. Plaintiff hereby incorporates by reference Paragraphs 4 through 23, inclusive, as though set forth here in full.

25. Defendant and Does 1 through 100, and each of them, retaliated against Plaintiff because of her requesting reasonable accommodation, in violation of the California Fair Employment and Housing Act.

26. Plaintiff timely filed an administrative complaint of Defendant's retaliation against her because of her requesting reasonable accommodation. The California Department of Fair Employment and Housing issued Plaintiff a Right to Sue Letter within one year before the filling of this lawsuit.

27. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

28. Defendant and Does 1 through 100, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing her injury and emotional distress.

29. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages

recoverable under California law, as well as costs and attorney's fees as provided by statute.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

As a third, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 100, and each of them, and for a cause of action alleges:

30. Plaintiff hereby incorporates by reference Paragraphs 4 through 29, inclusive, as though set forth here in full.

31. Defendants and Does 1 through 100, and each of them, failed to reasonably accommodate Plaintiff for her injury, in violation of the California Fair Employment and Housing Act, Government Code Section 12490(m)(1).

32. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

33. Defendant and Does 1 through 100, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing her injury and emotional distress.

34. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## FOURTH CAUSE OF ACTION
## FAILURE TO TIMELY ENGAGE IN INTERACTIVE PROCESS IN GOOD FAITH

As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 100, and each of them, and for a cause of action alleges:

35. Plaintiff hereby incorporates by reference Paragraphs 4 through 34, inclusive as though set forth here in full.

36. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 et seq., was in full force and effect and fully binding upon Defendant. Plaintiff was a member of a group protected by statute that required Defendant to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, in particular § 12940(a) and (n).

37. Plaintiff timely filed an administrative complaint for Defendant's failure to timely engage in an interactive process in good faith to reasonably accommodate Plaintiff's physical disabilities. The California Department of Fair Employment and Housing issued Plaintiff a right to sue letter within one year before the filling of this lawsuit.

38. As a direct, foreseeable and proximate result of these Defendant's failure to timely engage in an interactive process in good faith to reasonably accommodate Plaintiff's physical disabilities, Plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

39. As a further direct, foreseeable, and proximate result of Defendant's failure to timely engage in an interactive process in good faith to reasonably accommodate Plaintiff's physical disabilities, Plaintiff experienced and continues to experience emotional and mental distress, suffering, humiliation, embarrassment, anger, outrage, disappointment, anguish, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount of these damages or will proceed according to proof at trial.

40. Defendants and Does 1 through 100, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing her injury and emotional distress.

41. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved and authorized that conduct.

42. The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment against Defendant and each of them, as follows:

A. Plaintiff is entitled to Economic Damages including back pay and future loss of earnings.

B. Plaintiff is entitled to Damages for Emotional Distress for prior emotional distress and emotional distress "reasonably certain to result in the future".

C. Plaintiff is entitled to Punitive Damages to punish Defendant.

D. Plaintiff is entitled to costs to bring the action.

E. Plaintiff is entitled to attorney fees in bringing the action.

F. Plaintiff asks the Court for any other relief which the Court deems proper.

Dated this February 20th, 2019

*[Signature]*

Fletcher Bernard Brown Esq.
For PLAINTIFF LaTisha Brown

Complaint for Damages 9